

MATTHEW L. SCHWARTZ
Tel.:  (212) 303-3646
E-mail:  mlschwartz@bsfllp.com

August 14, 2017

**BY ECF**

Hon. Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Jason Galanis, et al.*, S1 16 Cr. 371 (RA)

Dear Judge Abrams:

    I write pursuant to the Court's order of August 10, 2017 [ECF No. 218], which directed Mr. Archer to respond to the government's application for a protective order [ECF No. 216]. The government's letter notes that Mr. Archer objected on the grounds that the proposed order does not impose reciprocal limitations on the government's use of confidential information. While Mr. Archer believes that there is good reason for any order to impose confidentiality restrictions on the government – particularly in light of the way that it has approached such material thus far – his objection was expressed prior to the Court's August 3rd order requiring defendants to return or destroy the e-mail information the government had produced.  In light of the Court's ruling, Mr. Archer has no objection to the proposed order.  Specifically, now that the government will not be producing the irrelevant but highly confidential material that it seized, such material would not fall within the scope of any discovery order.  Moreover, the government has represented that its ethical obligations and provisions of the United States Attorney's Manual would prevent it from disseminating confidential material.

    In addition, I write to request clarification and/or relief from the Court's August 3rd order [ECF No. 212].  The order directed all defendants to "return or destroy" the government's production of materials obtained pursuant to a search warrant for (1) two e-mail accounts associated with Mr. Archer, (2) two e-mail accounts associated with Mr. Archer's assistant, and (3) one e-mail account associated with another defendant.  Mr. Archer respectfully requests that he be allowed to retain the materials produced by the government, solely with respect to the two e-mail accounts associated with him (*i.e.*, category (1)).  This of course raises none of the privacy concerns raised in Mr. Archer's motion, and will assist our preparations for motion practice and trial.  I have consulted with the government, which has no objection to this request.

    Thank you for your consideration.

        Respectfully,

        /s/  Matthew L. Schwartz
        Matthew L. Schwartz