

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 16, 2017

**BY ECF**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

>   Re:   <u>United States v. Jason Galanis, et al.,</u>
>         S1 16 Cr. 371 (RA)

Dear Judge Abrams:

The Government writes in response to the defendant's letter of August 14, 2017 seeking clarification of the Court's intention with regard to the sentence imposed on the defendant in this matter (the "Wakpamni Sentence") and providing proposed language for the judgment of conviction. For the reasons set forth below, the Government does not believe any clarification of the sentence imposed by the Court is necessary. The Government does not object to the proposed language of the judgment.

<u>The Sentencing Proceedings</u>

At sentencing on August 11, 2017, the Court announced its intention to impose a sentence of 188 months – 128 months of which was to run concurrently to Galanis's sentence in the Gerova matter (the "Gerova Sentence") and 60 months of which was to run consecutively to the Gerova sentence. (Sent. Tr. at 33). The defendant requested, without objection from the Government, that his sentence account for the 15 months he had already served on the Gerova Sentence, which would not be credited by the Bureau of Prisons ("BOP") towards his Wakpamni sentence. (*Id.* at 33-34). The parties then discussed the ways in which such a sentence could be structured in light of the Court's unequivocal directive that it intended Galanis to serve an additional five years as a result of the Wakpmani conduct. (*Id.* at 35) ("I mean he should serve five additional years for the conduct in this case. That [is] my intention.").

The Government proposed that the Court add to the Gerova sentence of 135 months, the 60 months of additional time it intended the defendant to serve on the Wakpamni Sentence, and then subtract the 15 months the defendant had served. (*Id.* at 36). In other words, the Government proposed that the Court impose a sentence of 180 months (135 + 60 – 15 ) to be served fully concurrently to the Gerova Sentence.

The defendant requested an alternate structure. More specifically, the defendant requested that the Court "take the total sentence [the Court] intend[ed] to impose, subtract the 15 [months already served] and make that top amount lower and then indicate what you would like to be concurrent as a clarification." (*Id.* at 37).

The Court then agreed to structure the defendant's sentence as he requested. Accordingly, the Court stated that it would "impose a sentence of 173 months" – the 188 months it had intended to impose, less the 15 months the defendant has already served – and would direct that "all but 60 months of that is to be served concurrently." (*Id.* at 38).

## Discussion

The defendant now seeks to have the court reduce the consecutive portion of his Wakpamni Sentence to 45 months, purportedly in order to credit the defendant for the time he has already spent incarcerated. Because, however, the defendant's total sentence has already been reduced from 188 months to 173 months to account for the time he has already served, no further reduction is warranted. Any further reduction would "double count" the time the defendant has already served.

The Government has also spoken to Paul Irby, Senior Counsel for the BOP Designation and Computation Center. Mr. Irby advised that the better sentencing structure is the one the Government initially proposed. This is because the structure the defendant has proposed would require the Court to impose a sentence of 173 months' imprisonment, 113 months to be served concurrently to the Gerova Sentence, and 60 months to be served consecutively. The concurrent portions of the Gerova and Wakpamni sentences would thus not conclude on the same date because one is approximately 120 months long and the other is 113 months long. Mr. Irby believes, however, that this structure will ultimately result in the Court's intended sentence being served as the BOP will not begin to run the consecutive portion of the Wakpmani Sentence until the concurrent portions of both sentences have expired. Mr. Irby also suggested that the Government provide the Court with his contact information should the Court wish to speak to him directly, which the Government has done by separate communication.

[Additional Text on the Following Page]

Case 1:16-cr-00371-RA   Document 228   Filed 08/16/17   Page 3 of 3

Page 3

For the reasons set forth above, the Government does not object to the entry of a judgment specifying that the defendant is sentenced to a total term of imprisonment of 173 months, with 113 months to be served concurrently with the sentence imposed in case number 15 Cr. 643 (PKC), and the remaining 60 months to be served consecutively to the term of imprisonment imposed in case number 15 Cr. 643 (PKC).

        Respectfully submitted,

        JOON H. KIM
        Acting United States Attorney

By:  /s/ Rebecca Mermelstein_____
        Brian R. Blais
        Rebecca Mermelstein
        Andrea M. Griswold
        Assistant United States Attorneys
        (212) 637-2521/2360/1205

cc:    Lisa Scolari, Esq. (by ECF)