# EXHIBIT 1

| | |
|---|---|
| **From:** | Matthew L. Schwartz |
| **To:** | Mermelstein, Rebecca (USANYS); Quigley, Brendan (USANYS); Tekeei, Negar (USANYS) |
| **Cc:** | Eugene.Ingoglia@AllenOvery.com; Stevenson, Savannah |
| **Subject:** | RE: US v. Galanis, et al. 16 cr 371 (RA) |
| **Date:** | Tuesday, January 16, 2018 12:12:40 AM |

Rebecca —

We've now had an opportunity to consult with the other lawyers. While we still believe it would be appropriate, and indeed make for a more efficient trial, if the government would produce its witness list and 3500 material 6 weeks before trial (or sooner), we are willing to agree to the schedule you propose. Of course, we reserve the right to revisit the schedule in the case of any material changes that would require earlier notice necessary, such as if the government obtains another superseding indictment. But assuming things stay more or less as they are, we are in agreement and will not need to raise these issues with the judge.

For the sake of clarity, I repeat the agreed-upon schedule below — the underlined portions add to what you wrote below, but they reflect our phone call and I believe are what you intended:

Government expert disclosures and 404(b): 60 days before trial.

Government exhibit List and set of marked exhibits: 6 weeks prior to trial

Defendants' expert disclosures: 30 days prior to trial

Government witness list and 3500: 4 weeks prior to trial

Defense witness list and exhibits: 1 week prior to trial (not including impeachment material)

Defense Rule 26.2 disclosure: 1 week prior to the end of the Government's case/start of the defense case

Thank you for working with us on these issues. I am hopeful we will be able to handle other logistical trial issues in the same spirit.

-mls


Matthew L. Schwartz
BOIES SCHILLER FLEXNER LLP
212-303-3646 (Direct)
646-337-5787 (Mobile)

**From:** Mermelstein, Rebecca (USANYS) [mailto:Rebecca.Mermelstein@usdoj.gov]
**Sent:** Monday, January 15, 2018 3:19 PM
**To:** Matthew L. Schwartz; Quigley, Brendan (USANYS); Tekeei, Negar (USANYS)
**Cc:** Eugene.Ingoglia@AllenOvery.com; Stevenson, Savannah
**Subject:** RE: US v. Galanis, et al. 16 cr 371 (RA)

Matt,

Given how non-binding any estimate would have to be, I'm not sure there is much utility to attempting an estimate at this point. Subject to the understanding that we cannot commit to any numbers at this point, our best estimate (excluding custodian-types) is in the 20-25 range.

Rebecca

**From:** Matthew L. Schwartz [mailto:mlschwartz@BSFLLP.com]
**Sent:** Monday, January 15, 2018 2:03 PM
**To:** Mermelstein, Rebecca (USANYS) <RMermelstein@usa.doj.gov>; Quigley, Brendan (USANYS) <BQuigley@usa.doj.gov>; Tekeei, Negar (USANYS) <NTekeei@usa.doj.gov>
**Cc:** Eugene.Ingoglia@AllenOvery.com; Stevenson, Savannah <sstevenson@orrick.com>
**Subject:** RE: US v. Galanis, et al. 16 cr 371 (RA)

Thanks, Rebecca. We will discuss and revert quickly.

So that we can consider this proposal, can you provide a totally non-binding ballpark estimate of how many substantive witnesses (i.e., not document custodians, summary witnesses, paralegals, etc.) you anticipate calling? You have previously estimated this as a 3 week trial and last week mentioned that this is a "document case." If we had some information about what trial is going to look like, it would greatly inform our thinking about your proposal. Thanks.

-mls

**From:** Mermelstein, Rebecca (USANYS) [mailto:Rebecca.Mermelstein@usdoj.gov]
**Sent:** Monday, January 15, 2018 1:55 PM
**To:** Matthew L. Schwartz; Quigley, Brendan (USANYS); Tekeei, Negar (USANYS)
**Cc:** Eugene.Ingoglia@AllenOvery.com; Stevenson, Savannah
**Subject:** RE: US v. Galanis, et al. 16 cr 371 (RA)

Matt,

Thanks very much for your letter. We are in agreement that it makes sense to work out these deadlines without the need to involve the Court, if at all possible. For the record, I think your letter gets the prior discussions regarding proposed deadlines slightly wrong and we certainly disagree about the defendants' obligations with respect to Rule 16/exhibits. But rather than belabor the point, we are prepared to agree to the following:

Gov. expert disclosures and 404(b) 60 days before trial.

Gov. Exhibit List: 6 weeks prior to trial

Def. expert disclosures: 30 days prior to trial

Gov. 3500: 4 weeks prior to trial

Def. witness list and exhibits: 1 week prior to trial (to exclude any defense exhibits which are solely for impeachment)

Def. Rule 26.2 disclosure: 1 week prior to the end of the Government's case

We think these are generous timelines and give you ample time to prepare for trial. Please let us know if we are in agreement with respect to the deadlines.

Best,

Rebecca

**From:** Matthew L. Schwartz [mailto:mlschwartz@BSFLLP.com]
**Sent:** Saturday, January 13, 2018 9:06 PM
**To:** Mermelstein, Rebecca (USANYS) <RMermelstein@usa.doj.gov>; Quigley, Brendan (USANYS) <BQuigley@usa.doj.gov>; Tekeei, Negar (USANYS) <NTekeei@usa.doj.gov>
**Cc:** Eugene.Ingoglia@AllenOvery.com; Stevenson, Savannah <sstevenson@orrick.com>
**Subject:** US v. Galanis, et al. 16 cr 371 (RA)

Rebecca, Brendan, and Negar –

Following up on our conversation on Thursday, please see the attached letter on behalf of all defense counsel. As you will see, we have agreed to meet you more than half way in the hopes of reaching an agreement on these pre-trial scheduling issues. We are available to speak over the weekend if it would be helpful, as we're mindful of the Tuesday motions deadline.

Thanks, and enjoy the long weekend.

-mls

Matthew L. Schwartz
BOIES SCHILLER FLEXNER LLP
212-303-3646 (Direct)
646-337-5787 (Mobile)

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from

disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]